IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Anna Colbert | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| **ZenResolve** | ) | |
| 4720 E. Cotton Gin Loop | ) | |
| Phoenix, AZ 85040 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3. Plaintiff, Anna Colbert (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

4. Plaintiff is a resident of the State of Illinois.

5. Defendant, ZenResolve. is an Arizona business entity with an address of 4720 E. Cotton Gin Loop, Suite 135, Phoenix, AZ 85040 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

6. Unless otherwise stated herein, the term "Defendant" shall refer to ZenResolve.

7. Defendant uses instruments of interstate commerce for its principal

purpose of business, which is the collection of debts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Defendant has been attempting to collect on a high interest Internet loan allegedly owed by Plaintiff to Minto Money.
9. The loan was made via Internet to Plaintiff while Plaintiff was in Illinois, where she resided.
10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)
11. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
12. Specifically, this debt was purchased by the Defendant when Plaintiff was in default of his mortgage, making Defendant a Debt Collector under 11 U.S.C. Section 1692a(6).
13. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
14. Defendant sent (and Plaintiff eventually received) this attached initial communication in collection of the debt on November 1, 2019. See Exhibit
15. Such a communication, as described in Exhibit, represents or implied a valid and legally enforceable debt. *McMahon v. LVNV Funding*, LLC, 744 F.3d 1010 (7th Cir. 2014).
16. Target never had a license from the Illinois Department of Financial and Professional Regulation or a state or federal banking or credit union charter, entitling it to make loans to Illinois residents at more than 9% interest.
17. Defendant ZenResolve, LLC engages in a practice of attempting to collect high-interest loans (greatly in excess of 9%) obtained by Illinois residents in Illinois over the Internet from unlicensed lenders, including Target.
18. The lenders sought out Illinois residents for such loans.

19. The lender was never licensed to make loans by the Illinois Department Financial and Professional Regulation.
20. The lender did not have a bank or credit union charter that would authorize it to lend to Illinois residents at over 9%.
21. The loan was made by the lender at an annual percentage rate exceeding the 9% which a non-bank lender which does not have a license from the Illinois Department of Financial and Professional Regulation may charge for a loan made to an Illinois resident.
22. Illinois law permits four types of non-real-estate secured consumer loans at over 9%: payday loans, installment payday loans, regular consumer installment loans, and small consumer loans. All four types require a license from the Illinois Department of Financial and Professional Regulation or a bank or credit union charter.
23. A payday loan is a loan with an APR exceeding 36% and a term that does not exceed 120 days, including any transaction conducted via any medium whatsoever, including, but not limited to, paper, facsimile, Internet, or telephone, in which the lender receives a check, an authorization to a debit a consumer's bank account, or a wage assignment or other interest in a consumer's wages. 815 ILCS 122/1-10. Any lender that offers or makes a payday loan to a consumer in Illinois must do so in compliance with the Payday Loan Reform Act. 815 ILCS 122/1-15.
24. An "installment payday loan" is a loan over 36% with a term of 112 to 180 days made to a consumer in Illinois via any medium whatsoever, including, but not limited to, paper, facsimile, Internet, or telephone, in which the lender receives a check, an authorization to debit a consumer's bank account, or a wage assignment or other interest in a consumer's wages. 815 ILCS 122/2-5©. It must also be made in compliance with the Payday Loan Reform Act.
25. The Payday Loan Reform Act imposes a rate cap (just over 400%) and numerous other limitations, such as limits on the amount of loans, limits on the number of loans, and the limits on the percentage of a consumer's

income that the payments consume.

26. The Payday Loan Reform Act also makes it unlawful (815 ILCS 122/4-5) for either a licensee or an unlicensed person or entity making payday loans:

   a. To use any device or agreement that would have the effect of charging or collecting more fees or charges than allowed by this Act, including, but not limited to, entering into a different type of transaction with the consumer.

   b. Charging for, or attempting to collect, attorney's fees, court costs, or arbitration costs incurred in connection with the collection of a payday loan.

   c. Making a loan in violation of this Act.

27. The Consumer Installment Loan Act (205 ILCS 670/1 et seq.) regulates consumer loans to Illinois residents not covered by the Payday Loan Reform Act in a principal amount not exceeding $40,000. It authorizes two types of loans:

   a. Installment loans, on which rates are limited to 36% (205 ILCS 670/15);

   b. Small consumer loans, for amounts up to $4,000 and terms in excess of 180 days, on which 99% and an acquisition fee may be charged for the term of the loan and 18% thereafter until paid (205 ILCS 670/15(b), 205 ILCS 670/17.2, 205 ILCS 670/15(f)(7)). There are again restrictions based on the consumer's income and other matters.

28. Consumer loans which are not made by a licensed lender, bank or credit union are limited to 9%.

29. Any loans to Illinois residents which meet the statutory definitions and are made by an unlicensed persons are void and unenforceable and felonious:

   a. The Consumer Installment Loan Act provides: at 205 ILCS 670/20(d), that if any person does not have a license issued under this Act makes a loan pursuant to this Act to an Illinois consumer, then the loan shall

      be null and void and the person who made the loan shall have no right to collect, receive, or retain any principal, interest, or charges related to the loan."

    b. The Payday Loan Reform Act provides, at 815 ILCS 122/4-10(h), that "if a lender who does not have a license issued under this Act makes a loan pursuant to this Act to an Illinois consumer, then the loan shall be null and void and the lender who made the laon shall have no right to collect, receive, or retain any principal, interest or charges related to the loan."

30. The loan made by Minto Money described in this case was more than 20% interest. Indeed, on information and belief it was made at more than 100%.

31. Consumers may not waive the protection of these Illinois laws by contract. The Payday Loan Reform Act provides (815 ILCS 122/4-40) that there shall be no waiver of any provision of this Act. Contracts made in violation of licensing requirements intended to protect the public, or in violation of criminal laws imposing substantial penalties, are void. *Chatham Foot Specialists, P.C.* v. *Health Care Serv. Corp.*, 216 Ill. 2d 366, 380, 837 N.E.2d 48 (2005). Neither choice of law clauses or other contractual devices can be used to avoid invalidation of loans made at criminally usurious rates. *Madden v. Midland Funding, LLC,* 237 F. Supp.3d 130, 149-50 (S.D.N.Y. 2017)

32. By demanding payment and collecting on this debt, Defendant represented or implied that the debt it was attempting to collect was enforceable.

33. Even the most cursory inquiry into the legality of collecting high-interest loans made to Illinois residents over the Internet would have disclosed that it was violating the law.

## STANDING

34. The Payday Loan Reform Act, described above, gave Illinois consumers protection from being collected on by lenders who fail to meet the

requirements of the Code.

35. Defendant has violated this and stepped into the protection not to be collected upon by this Code.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendant violated 15 U.S.C. Section 1692f by attempting to collect on a debt with usurious interest.

38. The Defendant violated 15 U.S.C. Section 1692e by representing to the Plaintiff that loans-declared "null and void" by Illinois law-were outstanding balances, and offering settlements of such purported obligations, Defendant engaged in materially deceptive and misleading communications. Defendant also failed to disclose material facts necessary to make the statements made not misleading, all in violations of 1692e.

39. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39, Plaintiff demands the following relief:
   a. Judgment against Defendant, awarding the Plaintiff actual damages.
   b. Judgment against each of the Defendant, awarding the Plaintiff Statutory damages
   c. Judgment against Defendant, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees;
   d. Judgment against Defendant, awarding the Plaintiff punitive damages in such amount as is found appropriate; and
   e. Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff